Defendant-appellant, William Unger, appeals his conviction for disorderly conduct in violation of R.C.2917.11(A)-(1). We affirm.
The trial testimony reveals that on April 18, 1997, appellant went to the Mt. Orab home of his ex-wife where, pursuant to an order issued by the domestic relations court, he was to remove several items of personal property that had been awarded to him. Two Brown County deputy sheriffs were present to monitor and supervise the situation.
According to the deputies, shortly after appellant commenced loading items into a trailer, he threw a pair of tire ramps into the trailer, began swearing in the presence of his young son, started hitting and striking things in the garage, and picked up and began swinging a maul about his head, striking the interior walls of his trailer on several occasions.
Appellant admitted that he became upset and frustrated when he was not permitted to remove several items he believed he was entitled to. One of the deputies testified that appellant's conduct "delayed the process" and inconvenienced him. The deputy stated that on numerous occasions, he and his fellow officer were forced to advise appellant to stop acting in such a manner. When appellant persisted in his conduct, he was charged with persistent disorderly conduct in violation of R.C.2917.11(A)(1), (2).
Appellant denied the accusations and, although admitting he was upset over the inability to recover all his property, claimed that he settled down and composed himself each time he was ordered to do so by one of the two deputies.
The trial court concluded that the state failed to prove that appellant was guilty of persistent conduct. The court did, however, find appellant guilty of the lesser offense of disorderly conduct in violation of R.C. 2917.11(A)(1) and levied a $25 fine with court costs. On appeal, appellant claims his disorderly conduct conviction was not supported by legally sufficient evidence.
The offense of disorderly conduct makes it a violation under R.C. 2917.11(A)(1) to "recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: engaging in fighting, in threatening harm to persons or property or in violent or turbulent behavior."
As the supreme court noted in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."
Upon a thorough review of the record, we find that there is sufficient evidence to demonstrate that appellant acted recklessly, inconvenienced the deputy sheriffs and engaged in turbulent behavior. According to the deputies, appellant was swearing, roughly tossed items into his trailer and was striking the interior walls of the trailer with a maul. This inconvenienced at least one of the deputies and exacerbated the situation. If believed by the trier of fact, such evidence was sufficient to sustain a disorderly conduct violation. Accordingly, the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.